## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 8:24-cv-00708-DOC-JDEx                                    Date:  April 9, 2024

Title: Wendi Quach v. Walgreens Boots Alliance Inc. et al

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|:---:|:---:|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|:---:|:---:|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**       **ORDER SUA SPONTE REMANDING CASE TO STATE COURT**

### I.       Background

Plaintiff Wendi Quach worked at Walgreens from 2019 to 2024, when she was allegedly "forced to resign due to the intolerable working conditions, including" harassment, "unequal pay based on sex or gender, and failure to pay all wages due." Complaint ("Compl.") (dkt. 1-1) ¶ 10. Around two months after her resignation, Plaintiff filed this lawsuit in Orange County Superior Court alleging fourteen state law causes of action. *See generally id.*

Defendants then removed the case to federal court asserting diversity jurisdiction. *See generally* Notice of Removal ("Not.") (dkt. 1).

### II.      Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:23-CV-02440-DOC-JDEx                    Date: April 9, 2024

Page 2

the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed against removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

Generally, a removing defendant must prove by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). If the complaint affirmatively alleges an amount in controversy greater than $75,000, the jurisdictional requirement is "presumptively satisfied." *Id.* In that situation, a plaintiff who then tries to defeat removal must prove to a "legal certainty" that a recovery of more than $75,000 is impossible. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Crum v. Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). This framework applies equally to situations where the complaint leaves the amount in controversy unclear or ambiguous. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

A removing defendant "may not meet [its] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of [$75,000],' but instead, must set forth in the removal petition the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (quoting *Gaus*, 980 F.2d at 567). If the plaintiff has not clearly or unambiguously alleged $75,000 in its complaint or has affirmatively alleged an amount less than $75,000 in its complaint, the burden lies with the defendant to show by a preponderance of the evidence that the jurisdictional minimum is satisfied. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010); *Guglielmino*, 506 F.3d at 699.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:23-CV-02440-DOC-JDEx                    Date: April 9, 2024

                                                                           Page 3

        While the defendant must "set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum," the standard is not so taxing so as to require the defendant to "research, state, and prove the plaintiff's claims for damages." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) (emphases added). In short, the defendant must show that it is "more likely than not" that the amount in controversy exceeds the statutory minimum. Id. Summary judgment-type evidence may be used to substantiate this showing. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). For example, defendants may make mathematical calculations using reasonable averages of hourly, monthly, and annual incomes of comparable employees when assessing the amount in controversy in a wrongful termination suit. *Coleman*, 730 F. Supp. 2d. at 1148–49.

        If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, id., or remand pursuant to 28 U.S.C. § 1447(c). A court may raise the question of subject matter jurisdiction sua sponte. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

**III.    Discussion**

        Defendants argue that the amount in controversy is satisfied. Not. at 7. The Court disagrees.

        According to Defendants, "if Plaintiff were to prevail, her alleged unmitigated wages damages are approximately $24,311." Not. at 8. To reach the jurisdictional threshold, Defendants include front pay and attorneys' fees. *Id.* at 8-9. These potential sources of recovery, however, are too speculative to meet Defendants' burden to establish the amount in controversy. *See Traxler v. Multnomah Cnty.*, 596 F.3d 1007, 1011 (9th Cir. 2010) (recognizing that front pay is speculative); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.") (emphasis added). Nor will the Court include Plaintiff's alleged emotional distress damages in the amount in controversy. Given the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:23-CV-02440-DOC-JDEx                                    Date: April 9, 2024

                                                                              Page 4

nature of Plaintiff's injury—resigning from her job—$75,000 worth of emotional distress damages is difficult to credit. *See Ajimatanrareje v. Metro. Life Ins. Co.*, 1999 U.S. Dist. LEXIS 7339, *4 (N.D. Cal. 1999) (emotional distress damages "*may* be considered in the amount in controversy") (emphasis added).

        Because Defendants have not satisfied their burden to show that more than $75,000 is at issue in this case, the Court lacks diversity jurisdiction.

### IV.    Disposition

        For the foregoing reasons, the Court **REMANDS** this case to Orange County Superior Court.

        The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                          Initials of Deputy Clerk: kdu

CIVIL-GEN